IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 2:21-CR-600-MBS |
| | ) | |
| vs. | ) | |
| | ) | |
| KARL H. ZERBST, JR. | ) | |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE
AND/OR VARIANCE FROM THE SENTENCING GUIDELINES**

Defendant Karl H. Zerbst, Jr. ("Karl" or "Defendant"), by and through his undersigned counsel, Joseph P. Griffith, Jr., hereby respectfully moves for a downward departure from the United States Sentencing Guidelines' ("Guidelines" or "USSG") recommended sentence and/or a variance from the same pursuant to 18 U.S.C. § 3553(a).

First, Karl apologizes to the Court for his unlawful conduct, and is deeply ashamed and remorseful of the wrongdoing he has committed. Karl has fully accepted responsibility for his misconduct, has apologized, has pleaded guilty to the charge, has already voluntarily paid the entire amount of restitution of $246,689.99 at his guilty plea hearing, and has fully cooperated with the Government. See **Exhibit A**. Karl is relying on his family and friends to help him through this most difficult and humiliating period of his life. See **Exhibit B**. He has vowed to never commit any other offenses, and to lead a fully rehabilitated, law-abiding life.

While Karl understands the severity and nature of his misconduct, he respectfully and humbly requests that the Court impose a sentence of probation with home confinement plus community service. Such a sentence which restricts his freedom but allows him to provide community service, continue to provide much-needed elder care for his 90-year old mother and child care for his toddler grandson, and be gainfully employed, is a

reasonable alternative to incarceration, which is clearly not necessary. Probation with court-imposed living restrictions and community service will surely meet the societal goals of both penalizing and rehabilitating Karl.

This motion (the "Motion") for a downward departure and/or variance is based on, but not limited to, Section 3553(a) and the following mitigating factors:

1. Karl has demonstrated <u>extraordinary</u> <u>cooperation</u> and <u>acceptance of responsibility</u> in voluntarily <u>paying full restitution</u> of $246,689.99 and <u>has fully cooperated with the Government</u>;

2. Karl has <u>22 years of exemplary military service</u>, with nineteen years in the U.S. Army Reserve and three years in the S.C. National Guard, including a <u>voluntary military war-time deployment</u> to Saudi Arabia for Operation Desert Storm/Desert Storm in 1991;

3. A sentence of <u>probation and home confinement</u> with conditions and community service is warranted in order <u>to avoid disparate treatment</u> of Karl in comparison to similarly situated defendants who were sentenced to probation for almost identical misconduct;

4. Karl has an extraordinary <u>history of pre-arrest civic service and charitable good works as a volunteer with the Salvation Army, multiple churches, Council for the Homeless, Affordable Housing Council, autism and teen emotional support organizations, etc., as well as a little league baseball and soccer coach</u>;

5. Karl has demonstrated extraordinary <u>post-arrest rehabilitation</u> by volunteering at the East Cooper Community Outreach program, the St. Matthew's Lutheran Church Men's Work Crew and support and assistance to Charleston-based Afghanistan refugees;

6. Karl has extraordinary family ties and is the primary care-giver and assistant for his 90-year old mother and also provides twice-weekly child care services for his toddler grandson;

7. <u>Karl has demonstrated overwhelming remorse</u> and there is no need for incarceration;

8. Karl has <u>extraordinary</u> <u>family</u> <u>and</u> <u>community support</u>;

9. Karl is <u>not a threat</u> to the community and is a <u>low risk for recidivism</u> as confirmed by the risk assessment of Dr. Thomas Martin;

10. Karl has <u>no criminal history</u> other than the subject <u>non-violent</u> <u>offense</u>, which was atypical conduct;

11. A <u>Guidelines</u> sentence of imprisonment would be <u>far greater than necessary</u> to satisfy the purposes of sentencing;

12. Given the recent <u>spike in Covid-19 cases</u>, placing Karl in prison unnecessarily <u>increases the health risks</u> to Karl given his well-documented heart conditions of vasospastic angina and atrial fibrillation/flutter, particularly in light of the poor handling of Covid-19 by the BOP; and,

13. The veteran homeowners all received the home construction repairs which they sought through Karl's assistance at, upon belief, no economic costs to them.

A review of these mitigating factors strongly suggests that Karl does not need to be sentenced to any period of incarceration in federal prison, let alone incarceration pursuant to a Guidelines sentence. Rather, the totality of the circumstances indicates that a non-incarceration sentence of home confinement and probation with conditions and community service would be a reasonable resolution.

Based on the authorities and arguments contained in this Motion and the memorandum in support simultaneously filed herewith, and evidence to be presented at sentencing, Karl respectfully requests that this Motion be granted.

Karl further respectfully requests that the Court impose a sentence of probation and home confinement, with appropriate conditions.

                                       Respectfully submitted,

                                       s/ *Joseph P. Griffith, Jr.*

                                       Joseph P. Griffith, Jr., Esquire (#2473)
                                       946 Johnnie Dodds Boulevard
                                       Mt. Pleasant, South Carolina 29464
                                       (843) 225-5563 (Telephone)
                                       (843) 722-6686 (Facsimile)
                                       joegriffithjr@hotmail.com

Charleston, S.C.
May 23, 2022                                 Attorney for the Defendant

Exhibit A – Letter of Apology
Exhibit B – Letters of Support
Exhibit C – Brief Background on Taylor Zerbst (filed under seal)
Exhibit D – Family Photographs
Exhibit E – 2002 Military Evaluation
Exhibit F – 1991 Article on Karl Zerbst
Exhibit G – Letter of Dr. William B. Ellison (filed under seal)
Exhibit H – Dr. Martin's Recidivism Report (filed under seal)
Exhibit I --  Vets' Communications Regarding Satisfaction with Work